**Stanislaw SADOWSKI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States of America,[1] Respondent.**

**No. 07–1020–ag.**

United States Court of Appeals, Second Circuit.

March 18, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

Alan Michael Strauss, New York, NY, for Petitioner.

Kathryn L. Deangelis (Terri J. Scadron, Assistant Director, on the brief), Office of Immigration Litigation, U.S. Department of Justice, for Peter D. Keisler, Assistant Attorney General, Washington, DC, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, and Hon. JANET C. HALL,[2] District Judge.

### SUMMARY ORDER

Petitioner Stanislaw Sadowski, a native and citizen of Poland, has been a lawful permanent resident of the United States since 1987. Sadowski seeks review of a February 13, 2007 order of the Board of Immigration Appeals ("BIA"), dismissing his appeal from an Immigration Judge's ("IJ") decision denying his motion to terminate removal proceedings, and denying his request for remand to pursue a waiver of inadmissibility under 8 U.S.C. § 1182(h). *In re Sadowski*, No. A 19 530 563 (B.I.A. Feb. 13, 2007), *aff'g* No. A 19 530 563 (Immig. Ct. N.Y. City June 17, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case, as well as the issues on appeal.

Sadowski first argues that the BIA erred in affirming, on the ground that he no longer had a pending naturalization application before the Department of Homeland Security ("DHS"), the IJ's denial of his request to terminate his removal pro-

Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**2.** The Honorable Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.

ceedings. *See* 8 C.F.R. § 1239.2(f) ("An immigration judge may terminate removal proceedings to permit the alien to proceed to a final hearing on a pending application or petition for naturalization when the alien has established prima facie eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors."). Sadowski asserts that because the DHS erroneously adjudicated his naturalization application on the merits while he was still in removal proceedings, that adjudication was essentially void *ab initio* and his naturalization application remained pending as a matter of law. *See* 8 U.S.C. § 1429 ("[N]o application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest. . . .").

■ Sadowski concedes that he did not raise this argument before the BIA. Therefore, he has not administratively exhausted the question of whether his naturalization application remained legally pending, and we decline to address it here. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104 n. 1, 124–25 (2d Cir.2007). We also reject Sadowski's arguments that, despite his failure to exhaust this issue, we should still consider it.

Sadowski next contends that the IJ should have determined that he was *prima facie* eligible for naturalization under 8 C.F.R. § 1239.2(f). The BIA did not address this argument on the merits, holding that it lacked jurisdiction to review the IJ's choice *not* to make a *prima facie* eligibility determination because it was not a reviewable decision under 8 C.F.R. § 1003.1(b)(3). We find no error in this conclusion. Further, remand to the BIA to consider this issue on the merits would be futile in light of the Board's recent decision in *Matter of Hidalgo*, 24 I. & N.

Dec. 103, 106 (B.I.A.2007). In that case, the BIA held that "neither [the Board] nor the Immigration Judges have authority to determine [an alien's] prima facie eligibility for naturalization in order to terminate removal proceedings pursuant to 8 C.F.R. § 1239.2(f)," and that "it is appropriate for the Board and the Immigration Judges to require some form of affirmative communication from the DHS prior to terminating proceedings based on [the alien's] pending naturalization application." The BIA has interpreted 8 C.F.R. § 1239.2(f) to preclude an IJ from determining an alien's prima facie eligibility for naturalization. We defer to the BIA's interpretation, since it is not plainly erroneous, inconsistent with the regulation, or inconsistent with the agency's previous interpretation. *See Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 262 (2d Cir.2006).

■ Finally, the BIA did not err in denying Sadowski's request for remand to pursue a waiver of inadmissibility under Section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h). Section 212(h) relief is unavailable to a lawful permanent resident who has been convicted of an aggravated felony. 8 U.S.C. § 1182(h). In 1988, Sadowski was convicted of first degree manslaughter under N.Y. Penal Law § 125.20(1). We have expressly held that "first-degree manslaughter in violation of N.Y. Penal Law § 125.20(1) or (2) is categorically a crime of violence." *Vargas–Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 172 (2d Cir.2006). Because Sadowski was convicted of a crime of violence, the immigration laws classify him as an aggravated felon. *See* 8 U.S.C. § 1101(a)(43)(F). The BIA therefore did not err in denying Sadowski's request for a remand to pursue Section 212(h) relief. We have considered Sadowski's remaining arguments, and find them to be without merit.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.